MONSERRATE VÉLEZ, Plaintiff and Appellee, *v.* ARMSTRONG BROS., Defendant and Appellant.

No. 4630.   Argued November 12, 1929.—Decided March 18, 1930.

*Dubón & Ochoteco,* for appellant.   *Guillermo S. Pierluisi* and *R. Atiles,* for appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

In the complaint in this case it was substantially alleged that at seven o'clock on the afternoon of August 15, 1927,

the plaintiff, who is of age, was walking on Marina street in Ponce, in the direction of the Plaza, pushing a handcart on which he carried oranges and pineapples and that, upon reaching the corner of Jobo street and while he was passing near an automobile which stood in front of the Clinic of Dr. Pila, automobile (plate) No. 3938, belonging to the defendant partnership and which approached from behind the plaintiff, collided with the handcart of the latter striking the same with one of the rear mud guards and threw the plaintiff against the standing automobile, thereby causing him severe bruises on his breast and back and a hemorrhage in the spleen, by reason of which he was compelled to undergo a serious operation with confinement of two weeks and sustained considerable physical and mental damages; that plaintiff remained in a precarious condition of health and has become indefinitely incapacitated for remunerative labor; that he estimates the damages for the operation at four thousand dollars, for his incapacity at two thousand dollars, and for mental suffering at one thousand dollars; that automobile No. 3938 was at the time of the accident the property of Armstrong Bros. and was driven by Juan Pajés, a chauffeur of the defendant acting at the time within the scope of his employment as such, and who by his negligent and culpable conduct caused the said damages.

The defendant denied the material allegations of the complaint. The case went to trial and the court rendered a judgment against the defendant for five hundred dollars, with costs and attorney's fees. From that judgment the defendant has appealed.

Although in the brief fourteen errors are assigned, the appellant has properly reduced them to five by grouping the germane ones.

Of these five groups the first is as follows:

"*First:* The court erred in rendering judgment against the defendant notwithstanding there was no showing that the person who was driving the automobile owned by the defendant was its servant,

acting at the time within the scope of his employment and in the exercise of his functions as such servant or in connection with such functions; and in holding that it was incumbent upon the defendant to prove that at the time of the accident the person who was driving the automobile owned by the defendant was not acting as the agent of the latter.

In order to properly dispose of the above assignments, and possibly some others, it seems indispensable that the evidence in the case be summarized and connected with the allegations made by the parties.

The plaintiff had alleged the fact of the accident, the ownership of the automobile by the defendant, and the fact that Pajés was a chauffeur of Armstrong Brothers in the service of the latter at the time of the accident and acting within the scope of his employment at that time.

The ownership of the automobile was admitted; the fact of the accident was questioned as to the manner in which it occurred and as to the conduct of the plaintiff; the status of the driver as such chauffeur, his performance of functions appertaining to his employment, etc., were denied.

The question as to whether or not it was established that Pajés was a chauffeur of the defendant, as alleged, is the most important point herein. That he was driving the automobile is shown by the entire testimony introduced, and by his own statements. But that he was a chauffeur employed by the defendant was neither proved nor attempted to be proved.

The plaintiff, in his testimony, stated that he knew the driver by name, that he had seen him, and that he is a salesman of the Armstrong concern; that Pajés stepped out of the automobile and told the plaintiff not to worry that the insurance company would pay. From his cross-examination one might observe the difficulty in which the witness found himself to harmonize his assertion that he saw and heard Pajés, with his statement that when he received the blow he fell and lost consciousness.

The witness Angel Morey testified that he knew Pajés as a salesman of the partnership Armstrong Brothers, but that he did not know the terms of Pajés's employment, nor whether he sells for his own account, nor whether at seven o'clock on the afternoon of August 15, 1927, he was selling for the account of Armstrong Brothers.

Witness Pablo García is not acquainted with Pajés.

Aquilino Martínez recognized in the court room the driver of the automobile, Pajés, and stated that that was his name; that Pajés descended from the automobile and told the plaintiff not to worry, that the vehicle belonged to Armstrong Brothers, that it was insured, and that the Company would adjust everything.

Víctor López stated that he does not know Pajés by name, but that he had seen him step out of the automobile and heard him say that the vehicle was insured and that it belonged to the Armstrong concern.

The above was the evidence offered by the plaintiff on this point.

It will thus be seen that the allegation made that Pajés was a chauffeur of Armstrong Brothers was not proved. No amendment was offered to the complaint.

It would seem as if on this point application should be made of the rule prescribed by section 142 of the Code of Civil Procedure, which reads as follows:

"Sec. 142. The court must, in every state of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect."

However, it should be noted that the above provision refers to errors or defects "which do not affect the substantial rights of the parties." In the present case the situation would be different if it involved a chauffeur habitually devoted to service as such and acting at the time outside the scope of such service, which is not the case of an

employee having nothing to do with the automobile and as to whom a stronger proof is required. Even so, the evidence shows nothing more than the indefinite testimony of Morey, who stated that Pajés was a salesman of the defendant partnership. And this is not sufficient as a basis for establishing a liability for the acts of a third person. Beyond all doubt, it is indispensable that showing be made of the employment, of the functions appertaining thereto, and that the accident was caused by the negligence of the servant while acting in the performance of such functions. These are cases where the connection between the master and the negligent act is not established directly or immediately; the liability derives from a prior act of the master—his selection of the servant—and from a circumstance having the greatest force in these cases, namely, that the negligence of the servant occurred during the performance of his duties, in the exercise of the authority vested in him by reason of his employment and for the performance of such functions.

In *Vélez* v. *Llavina,* 18 P.R.R. 630, 641, the special character of this liability was pointed out, and it was said:

"The general rule is, then, that a person is liable for his own acts or omissions, and if he is ever called upon to answer for the acts or omissions of others, this would constitute an exception to the general rule."

And further in the same decision (p. 643):

"If, then, liability for the fault of another is an exception to the general rule, namely, that no one should answer but for himself, and so many theories had to be called up in order to justify civil punishment for the fault or negligence of another, such liability cannot be enforced unless the exception has been clearly specified in the law, for such liability being, to a certain extent, in the nature of a penalty, though a civil one, application should be made of the principle that no person can be punished, even civilly, except when the law has specifically so provided."

After the statement of the foregoing doctrine and in view of section 1804 of the Civil Code nothing is left for us to

add here on the point. As regards the responsibility of the owners of establishments or business enterprises, it is perfectly clear that the elements or conditions required therefor by the code, aside from the existence of such establishments or enterprises, are as follows:

(*a*) Subject-matter: The injury caused.

(*b*) Persons: The employee or chief agent.

(*c*) Occasion: In the performance of functions appertaining to the employment.

A consideration of the facts should lead the trial judge in every case either to the declaration or to the denial of the liability of the person who did not actually and directly perform the act which caused the injury.

The cases in which this court has applied the above doctrine are numerous; but among them mention should be made of *Aguayo* v. *Municipality of San Juan*, 35 P.R.R. 391, as being the one most applicable herein. It was there said (pp. 392–393):

"This was a suit against the City of San Juan for the negligence of an employee who was driving a car belonging to the city. Although none of the parties has noticed it, there was nothing in the complaint nor in the proof to show that the defendant was using the car with regard to any of his duties owing to the municipality; nor that he was about the business of the City of San Juan. Indeed, the evidence rather tended to show that on the Sunday when the accident happened the occupants of the car were out for pleasure. Under the circumstances we can not see how the City of San Juan could be mulcted in damages. As nothing was shown as to the nature of the automobile or the nature of the business of the defendant, the question arises whether the municipality could, in any case, be responsible unless it was at least shown that a responsible officer of the municipality was traveling in the car to the extent of making the act of the agent the act of the principal."

In order that the master may be held liable, it is indispensable in all cases that the servant causing the injury should have acted at the time in the performance of some

function appertaining to his employment, which function would inure to the benefit of his master.

In the present case that fact was not only not established but, apparently, no attempt was even made to prove it. We are inclined to say that this is not a case of conflicting evidence, but rather of failure of proof on the part of the plaintiff. And if the evidence for the defendant be examined, there will be found the uncontradicted testimony of Pajés, from which it appears that on that occasion Pajés was taking the automobile to keep it in the garage, and that he was not performing any function appertaining to his employment as a salesman.

We do not desire to close this opinion without adverting to something which has drawn our attention. The plaintiff testified that as a result of the accident he suffered a severe hemorrhage through his mouth and nose; that he became incapacitated for work; that thereafter he had to receive medical attention at the hospital in consequence of the same accident. Dr. Pila, an unimpeached witness, testified that he had not seen the said hemorrhage; that the plaintiff was not incapacitated for work, and that when he went to the clinic for the second time he was suffering from gonococcic urethrocystitis. His testimony was sincere, clear, honest, and manifestly truthful. His testimony renders that of the plaintiff not only suspicious, but devoid of truth.

Under those circumstances and the evidence adduced, the liability of the defendant was not established. The relations required by law are non-existent in this case; hence the court erred in sustaining the claim of liability.

We need not consider the other assignments of error since the one above discussed makes a reversal imperative.

The judgment appealed from should be reversed and another rendered instead for the defendant, without special pronouncement of costs.